1
2
3
4
5
6          IN THE UNITED STATES DISTRICT COURT
7             FOR THE DISTRICT OF ARIZONA
8
9  Armando Ortega Munoz,              )   No. CV-05-4089-PHX-JAT (LOA)
                                      )
10            Plaintiff,               )   **REPORT AND RECOMMENDATION**
                                      )
11  vs.                                )
                                      )
12  Joseph Arpaio., et al.,            )
                                      )
13            Defendants.              )
                                      )
14                                     )

15     This matter arises on the Court's review of the file. Plaintiff commenced this action on December 13, 2005. (document # 1) On March 3, 2006, the Court ordered service on Defendants and ordered Plaintiff to file completed service packets by March 23, 2006. (document # 3)

    Although the deadline for returning the completed service packets has passed, Plaintiff has neither returned completed service packets to the Court nor otherwise effected service on Defendants. Plaintiff's failure to comply with court orders and failure to accomplish service of process has halted the progression of this case.

    In view of the foregoing, the Court ordered Plaintiff to show cause on or before April 21, 2006 why this matter should not be dismissed without prejudice for failure to comply with Court orders pursuant to Fed.R.Civ.P. 41(b) and for failure to serve pursuant to Fed.R.Civ.P. 4(m).

    Plaintiff has neither responded to the order to show cause nor served Defendant. Rather, on April 11, 2006, the Court received returned mail addressed to Plaintiff marked "undeliverable, released." (document # 6) The Court was unable to locate an alternate address

1  for Plaintiff. The Court, therefore, will consider whether to dismiss this matter for failure to
2  comply with court orders.

3      When considering whether to dismiss an action for failure to comply with Court orders,
4  the court considers: "'(1) the public's interest in expeditious resolution of litigation; (2) the
5  court's needs to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy
6  favoring the disposition of cases on their merits; and (5) the availability of less drastic
7  sanctions.'" Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988)(quoting Henderson v. Duncan,
8  779 F.2d 1421, 1423 (9th Cir. 1986)).

9      The first two dismissal factors support dismissal. Plaintiff's failure to take any
10 substantive action since filing a Complaint on December 13, 2005 has impeded the resolution
11 of this case. Malone v. United States Postal Service, 83 F.2d 128, 130 (9th Cir. 1987). Second,
12 Plaintiff's failure to offer any explanation for his delay in returning a completed service packet
13 weighs in favor of dismissal. Third, Plaintiff bears the burden of persuasion as to the
14 reasonableness of his delay and lack of prejudice to Defendant. Franklin v. Murphy, 745 F.2d
15 1221, 1232 (9th Cir. 1984). Under Rule 41(b), Plaintiff is required to prosecute his case with
16 reasonable diligence. Moore v. Telfon Communications Corp., 589 F.2d 959, 967 (9th Cir.
17 1978). There is no evidence that Plaintiff has contacted the Court or Defendant regarding this
18 case. Plaintiff offers no excuse for his failure to prosecute his claims or for his complete
19 disregard for court orders. Under these circumstances, the delay is unreasonable and creates a
20 presumption of prejudice to defendant. Henderson, 779 F.2d at 1423. Fourth, the order to
21 show cause warned Plaintiff that the Court may dismiss the matter if Plaintiff did not show
22 cause for his failure to comply with court orders. This warning satisfies the Court's obligation
23 to consider less drastic alternatives to dismissal. Malone, 833 F.2d at 131. Finally, the public
24 policy in favor of deciding cases on the merits weighs against dismissal. This factor alone,
25 however, is insufficient to outweigh the other factors which support dismissal. Id.

26     After review of the foregoing factors, the Court finds that this matter should be dismissed
27 based on Plaintiff's failure to comply with court orders. Fed.R.Civ.P. 41(b).
28     Accordingly,

1    IT IS HEREBY RECOMMENDED that this matter be **DISMISSED** without prejudice
2 for failure to comply with court orders.   Fed.R.Civ.P. 41(b).
3    This recommendation is not an order that is immediately appealable to the Ninth Circuit
4 Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of  Appellate
5 Procedure, should not be filed until entry of the District Court's judgment.  The parties shall
6 have ten days from the date of service of a copy of this recommendation within which to file
7 specific written objections with the Court.  *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e),
8 Federal Rules of Civil Procedure.  Thereafter, the parties have ten days within which to file a
9 response to the objections. Failure timely to file objections to the Magistrate Judge's Report and
10 Recommendation may result in the acceptance of the Report and Recommendation by the
11 District Court without further review. *See United States v. Reyna- Tapia*, 328 F.3d 1114, 1121
12 (9th Cir. 2003).  Failure timely to file objections to any factual determinations of the Magistrate
13 Judge will be considered a waiver of a party's right to appellate review of the findings of fact
14 in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule
15 72, Federal Rules of Civil Procedure.
16    DATED this 25th day of April, 2006.

Lawrence O. Anderson
United States Magistrate Judge

- 3 -